IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TRISHA YORK, a Washington resident, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NO.** |
| vs. | ) | |
| | ) | |
| SIGNH PETRO, LLC, a Washington limited | ) | **COMPLAINT FOR** |
| liability company, | ) | **DECLARATORY** |
| | ) | **AND INJUNCTIVE RELIEF** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW, Plaintiff Trisha York, by and through her attorneys Conrad A.

Reynoldson and Felicity Chamberlain of Washington Civil & Disability Advocate, for her

Complaint for Declaratory and Injunctive Relief to state and allege as follows:


## I.    OVERVIEW

1.    The Americans with Disabilities Act and the Washington Law Against

Discrimination require places of public accommodation to be accessible to people with

disabilities.

2.    The 76 Station at 2143 Northgate Way in Seattle is a place of public

Complaint for Declaratory and Injunctive
Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1   accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its

2   implementing regulation, 28 C.F.R. §36.104.

3       3.      Over 27 years after the passage of the Americans with Disabilities Act (the

4   "ADA"), Defendant discriminates against individuals with disabilities because Defendant leases

5   or operates a property as a place of public accommodation that does not comply with the ADA

6   accessibility laws and regulations, enacted into law to protect persons with mobility disabilities.

7       4.      Therefore, Plaintiff brings this action to end the civil rights violations at a place of

8   public accommodation by Defendant Singh Petro LLC against persons with mobility disabilities.

9

10                      **II.    PARTIES**

11      5.      Plaintiff Trisha York is a Washington resident and resides in this district.

12      6.      Ms. York is limited in the major life activity of walking and requires accessible

13  parking to patronize the 76 Station on defendant's property.

14      7.      Defendant Singh Petro is a Washington limited liability company with a

15  registered agent at 2143 N Northgate Way, Seattle, WA 98133-9006.

16                  **III.    JURISDICTION AND VENUE**

17      8.      This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district

18  courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

19  United States.

20      9.      This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district

21  courts jurisdiction over actions to secure civil rights under Acts of Congress.

22      10.     This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district

23  courts supplemental jurisdiction over state law claims.

Complaint for Declaratory and Injunctive
Relief
**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1    11.    Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the

2    practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and

3    Damages occur in this district.

### IV.    FACTUAL ALLEGATIONS

5    12.    The ADA was enacted in 1990, "[t]o establish a clear and comprehensive

6    prohibition of discrimination on the basis of disability."

7    13.    The ADA prohibits places of public accommodation from providing individuals

8    with disabilities with separate or unequal benefits and services.

9    14.    Defendant's property is one example of countless places of public

10   accommodation that are difficult or dangerous to access due to substantial and numerous

11   compliance issues with the ADA.

### **Plaintiff**

13   15.    Ms. York is a Seattle, Washington resident.

14   16.    Ms. York is limited in the major life activity of walking and as a result uses a

15   combination of a wheelchair and a cane for ambulation. She is thus a qualified person with a

16   disability within the meaning of Title III of the ADA and the Washington Law Against

17   Discrimination.

18   17.    Ms. York travels throughout the Greater Seattle Area on a regular basis.

19   18.    Ms. York recently patronized the property in question on several occasions in

20   2018 and 2019.

21   19.    Ms. York most recently patronized the property in January, 2019.

22   20.    Ms. York plans to return to the property in question once the accessibility barriers

23   are addressed.

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

**Defendant's Property**

21.     Ms. York patronized the 76 Station on Defendant's property located at 2143 N

Northgate Way, Seattle, WA 98133.

22.     Ms. York used her wheelchair, albeit at personal risk due to existing accessibility

barriers.

23.     Ms. York does not feel safe accessing the property as is due to the current

accessibility barriers.

24.     Defendant's property does not comply with the ADA's accessibility laws and

regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) or the

2010 ADA Standards for Accessible Design (2010 Standards).

25.     At Defendant's parking lot at 2143 N Northgate Way in Seattle there is one

accessible parking space and it does not comply with either the 1991 Standards or the 2010

Standards for size, designation, or signage.

26.     Places of public accommodation with 25 or less parking spaces must provide at

least one accessible parking stall, one of which must be a van accessible parking stall. § 208.2.4

of the 2010 ADA Standards and § 4.1.2 of the 1991 ADA Standards. In violation of the ADA,

Defendant has failed to designate one appropriately sized and marked van-accessible parking

stall.

27.     The access aisle of a van accessible parking stall must be at least 5 feet wide (if

the parking stall itself is at least 11 feet wide) or conversely, 8 feet wide if the parking stall is 8

feet wide. Regular accessible parking stalls must be at least 8 feet wide with an access aisle of at

least 5 feet wide. § 502 of the 2010 ADA Standards and § 4.6.3 of the 1991 ADA Standards. The

Complaint for Declaratory and Injunctive
Relief
**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1  access aisle for the designated parking stall on defendant's property is less than 5 feet wide. This

2  is dangerous for Ms. York because she does not have enough room to safely exit her vehicle.

3      28.     Designated parking stalls must have a properly marked  sign with the international

4  symbol of accessibility and the bottom of the sign must be at least 60 inches off the ground. §

5  4.6.4 of the 1991 ADA Standards and § 502.6 of the 2010 ADA Standards. The accessible

6  parking stall on defendant's property does not have any sign. Because of this, able-bodied

7  customers often park in the accessible parking stall or access aisle.

8      29.     Curb ramps must be at least 36-inches wide excluding flares. §4.8.3 of the 1991

9  ADA Standards and § 405.5 of the 2010 ADA Standards. The curb ramp on defendant's property

10  is less than 36-inches wide. This is dangerous for Ms. York because it is too narrow for her to

11  navigate safely in her wheelchair and with her cane.

12      30.     Ms. York requires a compliant accessible parking spot and a compliant accessible

13  route in order to safely patronize the tenant of Defendant's property.

14      31.     Prior to contacting an attorney, Ms. York informed a man working at the 76

15  Station of the non-compliant parking, but no changes were made to the property.

16      32.     Ms. York's attorney, Felicity Chamberlain of Washington Civil & Disability

17  Advocate, provided additional voluntary pre-litigation notice and an opportunity to settle this

18  matter without a lawsuit by letter dated February 12, 2019.

19      33.     As of the filing of this complaint, Defendant did not respond.

20      34.     As of the filing of this complaint no alterations have been made to address these

21  accessibility barriers.

22      35.     Defendant's property is not safe or welcoming for people which mobility

23  disabilities because it does not comply with the ADA's accessibility laws and regulations.

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1    36.    The failure of Defendant to make the property comply with the ADA's

2  accessibility laws and regulations works to exclude people with disabilities from equal access

3  and enjoyment.

4

5                          **V.    FIRST CAUSE OF ACTION**
                 **Title III of the Americans with Disabilities Act of 1990**
6                          **42 U.S.C. § 12101 *et seq.***

7    37.    Ms. York incorporates by reference each and every allegation in the paragraphs

8  above.

9    38.    Ms. York is unable to walk without the aid of a cane and is thus a qualified

10  individual with a disability within the meaning of Title III of the ADA.

11    39.    Title III of the ADA states in relevant part: "No individual shall be discriminated

12  against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

13  privileges, advantages, or accommodations of any place of public accommodation by any person

14  who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

15  12182(a).

16    40.    Defendant, Singh Petro, LLC, owns or leases the property at 2143 N Northgate

17  Way, where the 76 Station is located.

18    41.    The 76 Station is a place of public accommodation. 42 U.S.C. § 12181(7).

19    42.    Defendant has discriminated against Plaintiff on the basis of her disability.

20    43.    Defendant's discriminatory conduct includes but is not limited to:

21          a.    Discriminatory exclusion and/or denial of goods, services, facilities,

22  privileges, advantages, accommodations, and/or opportunities;

23          b.    Provision of goods, services, facilities, privileges, advantages, and/or

Complaint for Declaratory and Injunctive          WASHINGTON CIVIL & DISABILITY
Relief                                                      ADVOCATE
**Page 6 of 10**                              3513 NE 45th Street, Suite G
                                                    Seattle, WA 98105
                                                    (206) 428-3558

1    accommodations that are not equal to those afforded non-disabled individuals;

2          c.      Failing to make reasonable modifications in policies, practices, and/or

3    procedures as necessary to afford the goods, services, facilities, privileges, advantages,

4    and/or accommodations to individuals with disabilities;

5          d.      Failing to make alterations in such a manner that, to the maximum extent

6    feasible, the altered portions are readily accessible to and usable by individuals with

7    disabilities, including individuals who use wheelchairs;

8          e.      Failing to remove barriers to individuals with disabilities where it would

9    be readily achievable to do so.

10   44.    As such, Defendant discriminates and, in the absence of the injunction requested

11   herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the

12   full and equal enjoyment of the goods, services, facilities, privileges, advantages,

13   accommodations and/or opportunities at Defendant's property in violation of Title III of the

14   Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

15   45.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

16   and Injunctive Relief has harmed Ms. York, and the harm continues.

17   46.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

18   and Injunctive Relief entitles Ms. York to declaratory and injunctive relief. 42 U.S.C. § 12188.

19   47.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

20   and Injunctive Relief entitles Ms. York to recover reasonable attorneys' fees and costs incurred

21   in bringing this action. 42 U.S.C. § 12205.

22

23

Complaint for Declaratory and Injunctive
Relief
**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1

2          **VI.     SECOND CAUSE OF ACTION**
        **Violation of the Washington Law Against Discrimination**
3                   **(R.C.W. §§ 49.60.010 et seq.)**

4          48.      Ms. York incorporates by reference the allegations in the paragraphs above.

5          49.      Ms. York is a qualified individual with a disability within the meaning of the

6    Washington Law Against Discrimination.

7          50.      Section 49.60.030(1) of the Revised Code of Washington provides in pertinent

8    part: "The right to be free from discrimination because of . . . the presence of any sensory,

9    mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

10   include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

11   accommodations, advantages, facilities, or privileges of any place of public resort,

12   accommodation, assemblage, or amusement . . . ."

13         51.      Defendant, Singh Petro, LLC, owns or leases the property where the 76 Station is

14   located.

15         52.      Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

16   Revised Code of Washington by failing to meet multiple accessibility requirements under the

17   ADA.

18         53.      Defendant's actions constitute discrimination against persons with disabilities and

19   violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

20   et seq., in that persons with mobility disabilities have been and are denied full and equal

21   enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant

22   provides to individuals who do not have disabilities.

23         54.      As a direct and proximate result of Defendant's discriminatory conduct as alleged

Complaint for Declaratory and Injunctive          WASHINGTON CIVIL & DISABILITY
Relief                                                            ADVOCATE
**Page 8 of 10**                                       3513 NE 45th Street, Suite G
                                                                Seattle, WA 98105
                                                                 (206) 428-3558

1 | in this Complaint for Declaratory and Injunctive Relief, Ms. York has suffered and continues to

2 | suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

3 | 55.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

4 | and Injunctive Relief has denied Ms. York the full and equal enjoyment of services that the

5 | Washington Law Against Discrimination requires.

6 | 56.    Ms. York has a clear legal right to access the business at Defendant's property

7 | under the Washington Law Against Discrimination.

8 | 57.    Ms. York has the right for Defendant's property to comply with the ADA's

9 | accessibility laws and regulations under the Washington Law Against Discrimination.

10 | 58.    Defendant's property does not comply with the ADA's accessibility laws and

11 | regulations.

12 | 59.    Because Defendant's property does not comply with the ADA's accessibility laws

13 | and regulations, declaratory and injunctive relief are appropriate remedies under the Washington

14 | Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

15 | 60.    Pursuant to RCW § 49.60.030(2), Ms. York is entitled to declaratory and

16 | injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred

17 | in bringing this action.

18 |

19 | **VII.    PRAYER FOR RELIEF**

20 | WHEREFORE, Ms. York respectfully requests that this Court:

21 | 1.    Assume jurisdiction over this action;

22 | 2.    Find and declare Defendant Singh Petro, LLC to be in violation of Title III of the

23 | Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against

Complaint for Declaratory and Injunctive Relief
**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1  Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not

2  comply with the ADA's accessibility laws and regulations;

3       3.     Issue a permanent injunction ordering Defendant to immediately implement the

4  necessary improvements to bring the Defendant's property into compliance with the ADA's

5  accessibility laws and regulations;

6       4.     Award Ms. York reasonable attorneys' fees and costs as authorized by 42 U.S.C. §

7  12205 and Wash. Rev. Code§ 49.60.030(2);

8       5.     Award actual, compensatory, and/or statutory damages to Ms. York for violations

9  of her civil rights as allowed under state and federal law;

10       6.     Award such additional or alternative relief as may be just, proper and equitable.

11

12  DATED THIS 20th day of March, 2019

13

14  WASHINGTON CIVIL & DISABILITY ADVOCATE
    Attorneys for Plaintiff

15

16  /S/ FELICITY CHAMBERLAIN          /S/ CONRAD REYNOLDSON
    Felicity Chamberlain                Conrad Reynoldson

17  WSBA# 51923                       WSBA# 48187
    3513 NE 45th Street, Suite G        3513 NE 45th Street, Suite G

18  Seattle, WA 98105                Seattle, WA 98105
    (206) 428-3558                  (206) 428-3558
    felicity@wacda.com              conrad@wacda.com

19

20

21

22

23

Complaint for Declaratory and Injunctive    WASHINGTON CIVIL & DISABILITY
Relief                              ADVOCATE
**Page 10 of 10**               3513 NE 45th Street, Suite G
                          Seattle, WA 98105
                          (206) 428-3558